Justin Henry (#027711)
**LEVENBAUM TRACHTENBERG, PLC**
362 North Third Avenue
Phoenix, Arizona 85003
(602) 271-0183
Email: justinhenry@LTinjurylaw.com

*Attorneys for Plaintiff Val Taloff*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Val Taloff, a married man, | **Case No.** |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |
| Albertson's LLC, Delaware limited liability company; John Does I-X; Jane Roes I-X; White Partnerships I-X; and Black Corporations I-X, | |
| Defendants. | |

Plaintiff Val Taloff, through undersigned counsel, and for his claims against

Defendants, alleges as follows:

**PARTIES**

1. Plaintiff Val Taloff resides in Chandler, Arizona.

2. Defendant Albertson's LLC ("Albertson's") is a limited liability company organized under the laws of the State of Delaware, and is authorized to transact business, and is in fact doing business, within the State of Arizona.  At all relevant times, Defendant Albertson's provided health insurance coverage to Plaintiff Val Taloff as a contracted benefit of his wife's employment with the company.

**JURISDICTION AND VENUE**

3. This action is brought pursuant to 29 U.S.C. § 1132(a), Fed.R.Civ.P. 57 (Declaratory Judgment), and Fed.R.Civ.P. 65, and is governed by the terms and provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). This Court has jurisdiction over the claims asserted by the Plaintiffs in this action pursuant to 29 U.S.C. § 1132(e)(1).

4. Venue is proper in the District Court of Arizona pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

5. On November 24, 2012, Plaintiff Val Taloff was operating his motorcycle in Queen Creek, Arizona when his vehicle was negligently struck by another motorist.

6. Plaintiff Val Taloff was suffered physical injuries as a result of the crash requiring him to seek medical care and treatment.

7. Plaintiff Val Taloff incurred medical expenses of at least $30,563.55 as a result of the injuries he sustained in the collision.

8. The driver who caused the collision was insured by Liberty Mutual Fire Insurance Company. Liberty Mutual, on behalf of its insured, offered, and Plaintiff Val Taloff accepted, $80,000.00 to resolve his personal injury claim against the driver who caused the collision.

9. As a benefit of his wife's employment, Val Taloff received health insurance coverage pursuant to the Albertson's LLC Health and Welfare Plan ("the Plan"). The Plan's sponsor is Albertson's LLC. The Plan Administrator is also Albertson's LLC.

10. According to Defendant Albertson's, the Plan paid medical expenses of $8,516.22. Defendant has demanded reimbursement of these expenditures based on its interpretation of the Plan language and Federal law.

11. Plaintiff Val Taloff disputes whether Defendant Albertson's is entitled to

1     reimbursement of medical expenses under the Plan language and Federal law.

2  12. There is currently a dispute between the parties whether reimbursement of the

3     expenditures is required under the terms of the Plan and Federal law.  Pursuant to

4     Defendant's demand, and in order to comply with Ethical Rule 1.15, Ariz.R.Sup.Ct

5     42, funds totaling $8,516.22 (the full amount of the alleged reimbursement claims) are

6     being held in the IOLTA Trust Account of Levenbaum Trachtenberg, PLC.

7              **COUNT ONE – DECLARATORY JUDGMENT**

8  13. Plaintiff incorporates herein by reference all previous allegations as though

9     specifically set forth herein.

10 14. An actual controversy exists between the parties concerning their rights and legal

11    obligations.

12 15. The controversy concerns a dispute between Plaintiff's rights to his personal injury

13    recovery and Defendant's claims against those proceeds under Federal law.

14 16. Defendant Albertson's is not entitled to reimbursement under the terms of the Plan or

15    Federal law.

16 17. Defendant Albertson's failed to comply with the statutory mandates of ERISA in

17    developing, implementing and executing the Plan.

18 18. Defendant Albertson's failure to comply with the statutory mandates of ERISA,

19    including, but not limited to, its failure to execute a separate and distinct Master Plan

20    Document, or governing document, preclude Defendant from seeking reimbursement

21    from Plaintiff's personal injury recovery as there is no valid agreement or contract

22    creating such a substantive right of recovery.

23 19. Defendant Albertson's failure to comply with the statutory mandates of ERISA

24    prevent Defendant Albertson's from falling under the umbrella of ERISA's savings

25    clause, which among other things, preempts Arizona anti-subrogation law.

26 20. As such, Plaintiff seeks an order that Defendant Albertson's attempts to collect funds

from Plaintiff's personal injury recovery are invalid and unenforceable.

## COUNT TWO – INJUNCTIVE RELIEF

21. Plaintiff incorporates herein by reference all previous allegations as though specifically set forth herein.

22. Defendant has retained Lawrence & Russell, PLC of Memphis, Tennessee to pursue its reimbursement claims.  The file was assigned to J. Matthew Stephens, Esq., who is licensed to practice law in Tennessee.

23. Mr. Stephens, on behalf of Defendant Albertson's, advised Plaintiff of their intent to offset future benefits payable under the terms of the Plan until the lien has been paid in full pursuant to their interpretation of the Plan and Federal law.

24. Defendant Albertson's is unjustly attempting to leverage the denial of future medical benefits to coerce Plaintiff into paying the disputed lien amount.

25. Plaintiff will suffer irreparable harm if Defendant Albertson's is permitted to offset his future benefits while the validity and enforceability of the reimbursement provisions are litigated in this action.

26. The harm to Plaintiff, in being denied coverage for future medical care, outweighs the harm Defendant would suffer from the imposition of an injunction against asserting the future offset, especially considering the disputed funds are being held in trust and will be paid to the proper party upon a determination by this Court.

27. The public interest would not be adversely affected by an injunction, and in fact, such an injunction would benefit the public interest by preventing welfare benefit plans from denying negotiated benefits under the plan when a plan participant disputes the validity of a lien claim.

28. Based on the foregoing, Plaintiff requests an Order preliminarily and permanently enjoining Defendant Albertson's from offsetting future benefits until the issue of whether Defendant is actually entitled to reimbursement is resolved in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment be entered against Defendant Albertson's LLC, its representatives, employees, agents, and successors as follows:

    A.  For an Order declaring that Defendant's attempts to collect funds from Plaintiff's personal injury recovery is invalid and unlawful.

    B.  For a preliminary and permanent injunction barring Defendant from offsetting potential future benefits until after this Court determines the respective rights and obligations of the parties.

    C.  For reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g)(1).

    D.  For all costs incurred and to be incurred herein.

    E.  For such other and further relief deemed appropriate under the circumstances.

DATED this 29th day of October, 2013.

**Levenbaum Trachtenberg, PLC**

By /s/ Justin Henry
   Justin Henry
   *Attorneys for Plaintiff*